UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMSHID KHOGIANI,

                                                        Case No. 25-cv-13744
                        Petitioner,                     Honorable Linda V. Parker

v.

KEVIN RAYCRAFT, Immigration and Customs
Enforcement, Director of Detroit Field Office,
Enforcement and Removal, KRISTI NOEM,
Secretary of the U.S. Department of Homeland
Security, U.S. DEPARTMENT OF HOMELAND
SECURITY, PAMELA BONDI, U.S. Attorney
General, and EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

_____/

## OPINION AND ORDER DENYING RESPONDENTS' MOTION TO DISMISS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

### Background

Petitioner, a citizen of Afghanistan, has been living in the United States since 2021, when Respondent U.S. Department of Homeland Security allegedly paroled him into the country as part of its evacuation of Afghan citizens whose lives were at risk because of their service to the U.S. government. Petitioner subsequently applied for asylum. Since arriving in the United States, Petitioner has lived in Lansing, Michigan, with his partner and two children, who also were evacuated

from Afghanistan.  While here, Petitioner and his partner have had two additional children who are U.S. citizens.  Petitioner has no criminal convictions.

On July 28, 2025, while Petitioner's asylum application was still pending, he was taken into custody by immigration officials.  He has been detained ever since without a bond hearing pending removal proceedings.  Petitioner is currently being held at the North Lakes Processing Center in Baldwin, Michigan.  His removal proceeding is being held before the Detroit Immigration Court.

On November 24, 2025, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming that his detention without a bond hearing violates the Administrative Procedure Act ("APA"), as agency action exceeding the Immigration and Nationality Act ("INA"), and the Due Process Clause of the Fifth Amendment.  Respondents have filed a motion to dismiss, arguing that the proper jurisdiction for the petition is the Western District of Michigan, where Petitioner is detained.  Respondents also responded to the petition, arguing first that the Court lacks jurisdiction over the charge of expedited removal.[1]  Next, Respondents argue that Petitioner's detention is mandatory and, therefore, he is not being unlawfully detained.

---

[1] In reply, Petitioner indicates that he is not challenging the charge of expedited removal in these proceedings.  (*See* ECF No. 8 at PageID.158 ("Petitioner has not raised a challenge to the expedited removal process, nor would it make procedural sense for him to do so.").)  Therefore, the Court is not addressing this jurisdictional argument raised by Respondents.

**Legal Standard**

A district court may issue a writ of habeas corpus to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Pursuant to 28 U.S.C. § 2243, the court, when evaluating an application for the writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."

Under 28 U.S.C. §§ 1406(a) and 1631, if a district court lacks jurisdiction over a matter, it may dismiss the case or transfer it to a district where jurisdiction would be proper.  A district court's decision to dismiss or transfer a matter under either statute is reviewed for an abuse of discretion.  *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

**Analysis**

**Jurisdiction**

The Court must first address Respondents' challenge to this Court's jurisdiction over the petition.  Respondents maintain that, under *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), the only proper respondent is the warden of the facility where Petitioner is detained, and jurisdiction for this case is only proper in the Western District of Michigan where the facility is located.

In *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), the Sixth Circuit held that "a detained alien filing a habeas corpus petition should generally name as a respondent the person exercising daily control over his affairs," which *Roman* determined is "the INS District Director for the district where he is being detained." *Id.* at 320-322. ICE maintains multiple regional field offices to oversee the day-to-day operations of its enforcement and detention apparatus. *See* https://perma.cc/6EPY-QUKB. The Detroit Field Office is responsible for enforcement operations and detention throughout Michigan—i.e., in the Eastern *and* Western Districts. *See id.*

Respondents argue that *Padilla*, rather than *Roman*, controls here. This Court disagrees for the reasons already stated by several other judges in this District. *See, e.g., Velasco-Sanchez v. Raycraft*, No. 25-cv-13730, 2025 WL 3553672, at *2 (E.D. Mich. Dec. 11, 2025) (McMillion, J.) (citing *Romero Garcia v. Raycraft*, No. 25-cv-13407, 2025 WL 3252286, at *3, *5 (E.D. Mich. Nov. 21, 2025) (Behm, J.)); *Amaya v. Raycraft*, No. 25-cv-13539, 2025 WL 3530273, at *3-4 (E.D. Mich. Dec. 9, 2025) (Levy, J.) (citing *Kadagan v. Raycraft*, No. 25-cv-13602, 2025 WL 3268895, at *2 (E.D. Mich. Nov. 24, 2025) (Behm, J.); *Hango v. McAleenan*, No. 1:19-cv-606, 2019 WL 6695829, at *2 (N.D. Ohio Dec. 9, 2019) (Lioi, J.)). Thus, Respondents' jurisdictional challenge is rejected, and the Court is denying their motion to dismiss.

4

**The Merits**

The key issue here is which provision of the INA applies to the detention of individuals like Petitioner—i.e., non-U.S. citizens facing removal proceedings who were not taken into custody at the border or a port of entry but after living in the United States for some period of time. The choice is between the discretionary detention framework of § 1226(a), as Petitioner argues, or the mandatory detention requirement in § 1225(b)(2), as Respondents argue. This Court is not the first to decide which provision applies.

Numerous courts throughout the country have been presented with the issue since July of this year, when ICE issued its mandatory-detention directive, thereby departing from the government's longstanding interpretation of the INA as providing for the discretionary detention of individuals like Petitioner. An overwhelming majority of those courts have concluded that § 1226(a) is the appropriate statutory framework. *See, e.g., Alvarez Ortiz v. Freden*, -- F. Supp. 3d. --, 2025 WL 3085032 (W.D.N.Y. Nov. 4, 2025); *Guerrero Orellana v. Moniz*, -- F. Supp. 3d --, 2025 WL 2809996 (D. Mass. Oct. 3, 2025); *Rodriguez*, 2025 WL 2782499; *Romero-Nolasco v. McDonald*, -- F. Supp. 3d --, 2025 WL 2778036 (D. Mass. Sept. 29, 2025); *Inlago Tocagon v. Moniz*, -- F. Supp. 3d --, 2025 WL 2778023 (D. Mass. Sept. 29, 2025); *Valencia Zapata v. Kaiser*, -- F. Supp. 3d --, 2025 WL 2741654 (N.D. Cal. Sept. 26, 2025); *Lepe v. Andrews*, -- F. Supp. 3d --,

2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Giron Reyes v. Lyons*, -- F. Supp. 3d

--, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Hasan v. Crawford*, -- F. Supp.

3d --, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Pablo Sequen v. Kaiser*, -- F.

Supp. 3d --, 2025 WL 2650637 (N.D. Cal. Sept. 16, 2025); *Sampiao v. Hyde*, -- F.

Supp. 3d --, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); *Doe v. Moniz*, -- F. Supp.

3d --, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); *Lopez-Campos*, 2025 WL

2496379; *Francisco T. v. Bondi*, -- F. Supp. 3d --, 2025 WL 2629839 (D. Minn.

Aug. 29, 2025); *Jose J.O.E.*, 2025 WL 2466670; *Maldonado v. Olson*, -- F. Supp.

3d --, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Lopez Benitez v. Francis*, -- F.

Supp. 3d --, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Martinez v. Hyde*, 792 F.

Supp. 3d 211 (D. Mass. 2025); *Jimenez v. FCI Berlin, Warden*, -- F. Supp. 3d --,

2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Gallegos Valenzuela*, No. 25-cv-13499,

2025 WL 3296042 (N.D. Ill. Nov. 26, 2025); *Hurtado-Medina v. Raycraft*, No. 25-

cv-13248, 2025 WL 3268896 (E.D. Mich. Nov. 24, 2025) (Leitman, J.); *Robledo*

*Gonzalez v. Raycraft*, No. 25-cv-13502, 2025 WL 3218242 (E.D. Mich. Nov. 17,

2025) (Michelson, J.); *Diego v. Raycraft*, No. 25-cv-13288, 2025 WL 3159106

(E.D. Mich. Nov. 12, 2025) (Levy, J.); *Morales-Martinez*, 2025 WL 3124695;

*Gimenez Gonzalez v. Raycraft*, No. 25-cv-13094, 2025 WL 3006185 (E.D. Mich.

Oct. 27, 2025) (Kumar, J.); *Jiménez García v. Raybon*, No. 25-cv-13086, 2025 WL

2976950 (E.D. Mich. Oct. 21, 2025) (DeClercq, J.); *Hyppolite v. Noem*, No. 25-cv-

4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Alvarenga Matute v. Wofford*, No. 25-cv-01206, 2025 WL 2817795 (E.D. Cal. Oct. 3, 2025); *Escobar v. Hyde*, No. 25-cv-12620, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Cordero Pelico v. Kaiser*, No. 25-cv-07286, 2025 WL 2822876 (N.D. Cal. Oct. 3, 2025); *Echevarria v. Bondi*, No. 25-cv-03252, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025); *Ayala Casun v. Hyde*, No. 25-cv-427, 2025 WL 2806769 (D.R.I. Oct. 2, 2025); *Chanaguano Caiza v. Scott*, No. 25-cv-00500, 2025 WL 2806416 (D. Me. Oct. 2, 2025); *Guzman Alfaro v. Wamsley*, No. 25-cv-01706, 2025 WL 2822113 (W.D. Wash. Oct. 2, 2025); *Rocha v. Hyde*, No. 25-cv-12584, 2025 WL 2807692 (D. Mass. Oct. 2, 2025); *D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Chiliquinga Yumbillo v. Stamper*, No. 25-cv-00479, 2025 WL 2783642 (D. Me. Sept. 30, 2025); *Quispe-Ardiles v. Noem*, No. 25-cv-01382, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Alves da Silva v. U.S. Immigr. & Customs Enf't*, No. 25-cv-284, 2025 WL 2778083 (D.N.H. Sept. 29, 2025); *Chang Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579 (D. Me. Sept. 29, 2025); *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Quispe v. Crawford*, No. 25-cv-1471, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025); *Rivera Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717 (M.D. Fla. Sept. 25,

2025); *Roa v. Albarran*, No. 25-cv-07802, 2025 WL 2732923 (N.D. Cal. Sept. 25, 2025); *Brito Barrajas v. Noem*, No. 25-cv-00322, 2025 WL 2717650 (S.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-96, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Chogllo Chafla v. Scott*, No. 25-cv-00437, 2025 WL 2688541 (D. Me. Sept. 21, 2025); *Yumbillo v. Stamper*, No. 25-cv-00479, 2025 WL 2688160 (D. Me. Sept. 19, 2025); *Beltran Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Maldonado Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Velasquez Salazar v. Dedos*, No. 25-cv-00835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Garcia Cortes, v. Noem*, No. 25-cv-02677, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-5624, 2025 WL 2637503 (N.D. Cal. Sept. 12, 2025); *Lopez Santos v. Noem*, No. 25-cv-01193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025) (White, J.); *Hinestroza v. Kaiser*, No. 25-cv-07559, 2025 WL 2606983 (N.D. Cal. Sept. 9, 2025); *Guzman v. Andrews*, No. 25-cv-01015, 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Mosqueda v. Noem*, No. 25-cv-02304, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Garcia v. Noem*, No. 25-cv-02180, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Hernandez Nieves v. Kaiser*, No. 25-cv-06921, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); *Kostak v. Trump*, No. 25-cv-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Diaz Diaz v. Mattivelo*, No. 25-cv-

12226, 2025 WL 2457610 (D. Mass. Aug. 27, 2025); *Leal-Hernandez v. Noem*, No. 25-cv-02428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-cv-06248, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Romero v. Hyde*, No. CV 25-11631, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v. Joyce*, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Arrazola-Gonzalez v. Noem*, No. 25-cv-01789, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Dos Santos v. Noem*, No. 25-cv-12052, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Rosado v. Figueroa*, No. 25-cv-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299 (D. Mass. July 7, 2025).  This Court is persuaded by these decisions.

Section 1225(b)(2)(A) appears in the section of the INA titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing."  8 U.S.C. § 1225.  The section starts by identifying the class of aliens[2] covered by § 1225(b)(2)(A): "applicants for admission."  *Id*. § 1225(a)(1).  The section continues: "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes

---

[2] The Court prefers the term noncitizens.  However, because "alien" is the term used in the INA, the Court will use that term during its interpretation of the statute to avoid confusion.

of this chapter an applicant for admission." *Id*.  Elsewhere, "admission" and

"admitted" are defined as "the lawful entry of the alien into the United States after

inspection and authorization by an immigration officer."  8 U.S.C.

§ 1101(a)(13)(A).

Section 1225(b)(2)(A) identifies one circumstances where the detention of

an "applicant for admission" is mandatory.  It provides, subject to exceptions not

relevant here, that "in the case of an alien who is an applicant for admission, if the

examining immigration officer determines that an alien seeking admission is not

clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a

proceeding under section 1229a of this title [removal proceedings]."  8 U.S.C.

§ 1225(b)(2)(A).  Aliens detained under Section 1225(b)(2)(A) are not entitled to a

bond hearing, although the Secretary of Homeland Security, in his or her

discretion, may temporarily parole an individual "for urgent humanitarian reasons

or significant public benefit[.]"  8 U.S.C. § 1182(d)(5)(A).

The title of § 1226 of the INA is "Apprehension and detention of aliens[.]"

8 U.S.C. § 1226.  Section 1226(a) is titled "Arrest, detention, and release[.]"  *Id*.

§ 1226(a).  This provision reads:

> On a warrant issued by the Attorney General, an alien
> may be arrested and detained pending a decision on
> whether the alien is to be removed from the United
> States.  Except as provided in subsection (c) and pending
> such decision, the Attorney General--

10

(1) may continue to detain the arrested alien; and

(2) may release the alien on--

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole; but

(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

*Id.* The statute's implementing regulations also provide that, before a final order of removal is issued, the alien may "request amelioration of the conditions under which he or she may be released"—such as an application to the immigration judge for release on bond. 8 C.F.R. § 1236.1(d)(1).

According to the plain language of the statute, § 1225(b)(2)(A) applies only when an alien is "seeking admission" and the "examining immigration officer" concludes that the alien "is not clearly and beyond doubt entitled to be admitted." Petitioner was not in the process of seeking admission when he encountered federal officials who deemed him not entitled to be admitted. He was going about his everyday life when he was stopped, arrested, and placed in ICE custody. The plain language of § 1226, including the title of this section and its subsections, apply to his situation. *See Dubin v. United States*, 599 U.S. 110, 120-21 (2023)

11

("This Court has long considered that the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute.").

Respondents nevertheless maintain that any noncitizen "present in the United States who has not been admitted" is an "applicant for admission" under the plain language of § 1225(a)(1). Thus, Respondents continue to argue, all unadmitted noncitizens present in the United States are "applicants for admission" regardless of their proximity to a border, the length of their presence, or whether they intend to properly apply for admission. As such, Respondents claim, Petitioner was seeking admission when an immigration officer determined that he was not clearly and beyond a doubt entitled to be admitted.

As courts have previously concluded, however, Respondents' interpretation "suffers from a number of fatal flaws." *Guerrero Orellana v. Moniz*, -- F. Supp. 3d --, 2025 WL 2809996, at *7 (D. Mass. Oct. 3, 2025). "Equating the terms 'applicant for admission' and 'seeking admission' ignores the plain meaning of the latter phrase, which . . . implies some present action." *Id*.; *see also Martinez*, 792 F. Supp. 3d at 218 (citations omitted). Respondents' interpretation also "is contrary to the [Department of Homeland Security]'s own implementing regulations, its published guidance, the decisions of its immigration judges (until very recently), decades of practice, the Supreme Court's gloss on the statutory scheme, and the

overall logic of our immigration system." *Romero v. Hyde*, -- F. Supp. 3d --, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025) (internal citations omitted).  It also violates a "cardinal principle of statutory construction"—specifically, that "a statute ought, upon the whole, be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Alvarez Ortiz*, 2025 WL 3085032, at *7 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)).  If possible, every clause and word of a statute must be given effect. *United States v. Menasche*, 348 U.S. 528, 538-39 (1995).

"As numerous courts have observed, if all 'applicants for admission' also are 'seeking admission,' then the words 'seeking admission' would be surplusage." *Alvarez Ortiz*, 2025 WL 3085032, at *7 (collecting cases).  "After all," the court reasoned in *Alvarez Ortis*, "Congress simply could have said 'if the examining immigration officer determines that an applicant for admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained.'  Instead, however, Congress said that an alien who is an applicant for admission and who is seeking admission shall be detained if the examining immigration officer determines that he or she is not clearly entitled to be admitted." *Id*. (quoting 8 U.S.C. § 1225(b)(2)(A)).  Thus, the district court concluded, " 'seeking admission' cannot be synonymous with 'applicant for admission.'  It must refer to seeking physical entry at the border, not the legal right to enter." *Id*. (footnotes omitted).

In short, § 1226 provides the general rule for detention of noncitizens, while § 1225 specifically covers noncitizens detained at a border or port of entry. Petitioner was not apprehended upon his arrival to the United States at a border or port of entry. Instead, he has lived in the United States since 2021, and was apprehended by immigration officials outside of his home. Section 1226, therefore, governs his detention and he is entitled to a bond hearing under the statute's discretionary framework.

## **Conclusion**

The Court concludes that it has jurisdiction over this matter, and that it should not be transferred to the Western District of Michigan. The Court holds that by denying Petitioner a bond hearing, Respondents have violated the INA. The Court therefore finds it unnecessary to address Petitioner's APA claim at this time.

Accordingly,

**IT IS ORDERED** that Respondents' motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall be afforded a bond hearing under § 1226(a) before an immigration judge on or before Tuesday, December 23, 2025 at 6:00 p.m. or be released.

14

**IT IS FURTHER ORDERED** that, within ten (10) days of this Opinion and Order, Respondents shall file a status report certifying their compliance with this Opinion and Order and detailing the results of the bond hearing.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 18, 2025