UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMSHID KHOGIANI,

                Petitioner,

v.

KEVIN RAYCRAFT, Immigration and Customs
Enforcement, Director of Detroit Field Office,
Enforcement and Removal, KRISTI NOEM,
Secretary of the U.S. Department of Homeland
Security, U.S. DEPARTMENT OF HOMELAND
SECURITY, PAMELA BONDI, U.S. Attorney
General, and EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
_____/

Case No. 25-cv-13744
Honorable Linda V. Parker

## OPINION AND ORDER DENYING RESPONDENTS' MOTION FOR RECONSIDERATION AND ORDERING PAROLE HEARING

### Background

Petitioner, a citizen of Afghanistan, has been living in the United States since 2021, when Respondent U.S. Department of Homeland Security allegedly paroled him into the country as part of its evacuation of Afghan citizens whose lives were at risk because of their service to the U.S. government. Before Petitioner's parole expired on August 28, 2023, he applied for asylum. Since arriving in the United States, Petitioner has lived in Lansing, Michigan, with his partner and two children, who also were evacuated from Afghanistan. While here, Petitioner and

his partner have had two additional children who are U.S. citizens. Petitioner has no criminal convictions.

On July 28, 2025, while Petitioner's asylum application was still pending, he was taken into custody by immigration officials and transferred to the North Lakes Processing Center in Baldwin, Michigan. Seven weeks after his initial detention, expedited removal proceedings were initiated and Petitioner was charged as an "arriving alien" subject to mandatory detention. He was referred to an asylum officer for a credible fear interview.

A credible fear interview was not conducted, however. Instead, expedited removal proceedings were terminated and Petitioner's case was referred for a resolution of his asylum petition by an immigration judge. Those proceedings are being held before the Detroit Immigration Court. An evidentiary hearing on Petitioner's application is now scheduled for March 5, 2026.

Since his arrest on July 28, 2025, Petitioner has remained detained at the North Lakes Processing Center. He filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 24, 2025, claiming that his continued detention is unlawful. Specifically, Petitioner claims violations of the Immigration and Nationality Act ("INA") and the Administrative Procedure Act, as agency action exceeding the INA and the Due Process Clause of the Fifth Amendment.

On December 16, Respondents filed a response to the petition and a motion challenging the Court's jurisdiction. In the motion, Respondents asked the Court to dismiss the petition or transfer it to the Western District of Michigan as that is the District where Petitioner is detained. On December 18, the Court denied Respondents' motion to dismiss and granted Petitioner habeas relief. The Court held that Petitioner was entitled to a bond hearing and ordered such a hearing on or before 6:00 p.m. on December 23. Respondents filed a motion for reconsideration on December 19. Because of the motion, the Court stayed its prior ruling pending a decision on the motion.

In their motion for reconsideration, Respondents argue that the Court should have waited for their reply brief before ruling on their motion to dismiss or transfer. Respondents further maintain that Petitioner is detained under 8 U.S.C. § 1225(b)(1), not § 1225(b)(2), and thus the Court evaluated his claim under the wrong statutory framework. Noncitizens charged with removal under subsection (b)(1) are subject to expedited removal proceedings and their detention is mandatory. Lastly, Respondents contend that, even if Petitioner is entitled to a bond hearing, the Court's deadline was unreasonable and not likely achievable.

## Standard of Review

Respondents seeks reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h). Under the rule, reconsideration may be granted on only three

3

grounds: (1) a mistake of the court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2). Respondents argue that the first ground warrants reconsideration.

## Analysis

### Ruling Before Respondents' Reply

Respondents maintain that the Court should have waited to rule on their motion to dismiss until they filed their reply brief. Respondents point out that a reply brief allows the moving party the opportunity to address arguments or case law offered in opposition to the motion. (*See* ECF No. 10 at PageID.189.) Respondents do not contend that they were deprived of the opportunity to address anything raised in Petitioner's response brief, however. Instead, they claim that they were denied the opportunity to address "new evidence and authority" relied on by the Court *in its decision*. (*See id*. at PageID.190-91.)

Therefore, Respondents fail to show that the Court's asserted mistake—failing to await their reply brief—justifies reconsideration.[1] The first opportunity to address caselaw relied upon in a court's decision is a motion filed *after* that decision—i.e., Respondents' motion for reconsideration. However, except for discussing *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), Respondents do not challenge any of the district court cases cited in the Court's December 18 decision in their present motion. Respondents had the opportunity to address *Roman*, and in fact did so extensively, in their initial motion to dismiss. (*See* ECF No. 6 at PageID.110-13.)

The "new evidence" referred to by Respondents was not "new," as it was information obtained from a publicly available website belonging to one of the Respondents. Respondents do not suggest that the information on which the Court relied—that being, that the ICE Detroit Field Office is responsible for enforcement operations and detention throughout Michigan—was incorrect.

Thus, Respondents do not show that reconsideration is warranted based on the Court's failure to await their reply brief.

### Whether Jurisdiction in this District is Proper

---

[1] The Court does not believe that failing to wait for a reply brief constitutes error in the first instance. *See United States v. Pouncy*, No. 23-cv-20262, 2025 WL 3516856, at *1 (E.D. Mich. Dec. 8, 2025) (collecting cases indicating that a court need not wait for a reply brief before ruling).

Respondents argue that the Court erred in finding that jurisdiction over Petitioner's application is proper in the Eastern District of Michigan when he is detained in the Western District. Respondents contend, as they did in their opening motion, that even under *Roman*, the only proper jurisdiction is where Petitioner's immediate custodian can be found *and* the district of confinement. Respondents further contend that this conclusion is also supported by the Supreme Court's recent decision in *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).

A motion for reconsideration "is not properly used as a vehicle to rehash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mt. Pleasant Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998)). Respondents raise no arguments concerning jurisdiction that were not raised in their initial motion. Thus, the Court declines to reconsider its decision to deny their motion to dismiss or transfer the petition for lack of jurisdiction.

As this Court reasoned, while generally the jurisdiction of confinement is the proper jurisdiction for a habeas petition, a habeas petition "must be brought in the district court having jurisdiction over 'the person having custody of the person detained.'" *Roman*, 340 F.3d at 316 (quoting 28 U.S.C. § 2243). As *Roman* held, a detained alien's immediate custodian is the INS District Director for the district where a detention facility is located" as that is the person who " 'has power over'

alien habeas corpus petitioners." *Id.* at 320.  Here, that individual is Respondent Raycraft, as the ICE Detroit Field Office's Director of Enforcement and Removal Operations.  As such, jurisdiction is proper in this District.  *Trump v. J.G.G.*, 604 U.S. 670 (2025), which arose in the context of the Alien Enemies Act and challenged core proceedings, does not convince this Court to reach a contrary conclusion.

### Whether the Court Failed to Address the Proper Statutory Provision

Respondents argue that Petitioner is detained under 8 U.S.C. § 1225(b)(1), not § 1225(b)(2), and therefore the Court evaluated his right to a bond hearing under the incorrect statute.  As Respondents explain, "[n]oncitizens charged with removal under § 1225(b)(1) are subject to expedited removal proceedings and their detention is statutorily tied to the specific form of expedited removal proceedings described in § 1225(b)(1)."  (ECF No. 10 at PageID.192.)  According to Respondents, Petitioner never disputed that he fell within the scope of § 1225(b)(1).  While this Court did not address Petitioner's expedited removal in its initial decision, for the reasons discussed below, it finds that Respondents' reliance on that process and its mandatory removal are inapplicable here.

As an initial matter, and contrary to Respondents' contention, Petitioner did not concede that he fell within the scope of § 1225(b)(1).  Instead, Petitioner indicated that he "ha[d] no reason to seek review of his expedited removal process,

7

*as DHS took him out of the expedited removal process and placed him in regular removal proceedings* pursuant to INA § 240." (ECF No. 8 at PageID.158; *see also* ECF No. 7-2 at PageID.145 ¶ 7.) That fact alone undermines Respondents' argument that § 1225(b)(1) is the proper statutory provision for reviewing the petition. *See Munoz Materano v. Arteta*, -- F. Supp. 3d. --, No. 25 Civ. 6137, 2025 WL 2630826, at *11 (S.D.N.Y. Sept. 12, 2025) (concluding that § 1225(b) is not applicable to a removable alien in § 240 removal proceedings, and that § 1229, instead, controls).

In fact, "numerous district courts" have held that "§ 1225 does not authorize the expedited removal of individuals like Petitioner. *Salgado Bustos v. Raycraft*, No. 25-cv-13202, 2025 WL 3022294, at *6-7 (E.D. Mich. Oct. 29, 2025) (Edmunds, J.); *Munoz Materano*, 2025 WL 2630826, at *11 (collecting cases); *Coalition for Humane Immigrant Rights v. Noem*, -- F. Supp. 3d --, 2025 WL 2192986, at *30 (D.D.C. Aug. 1, 2025); *E.V. v. Raycraft*, No. 4:25-cv-2069, 2025 WL 2938594, at *4 (N.D. Ohio Oct. 16, 2025) (listing cases). As those courts have concluded:

> § 1225 does not authorize expedited removal of individuals who have ever been paroled into the U.S. under either of its provisions: § 1225(b)(1)(A)(i), which applies to individuals "arriving in" the U.S., or § 1225(b)(1)(A)(iii)(II), which applies to individuals who "ha[ve] not been admitted or paroled" into the U.S. and cannot show that they have been "physically present in the United States continuously for the 2-year period

8

>     immediately prior to the date of the determination of inadmissibility."

*Munoz Materano*, 2025 WL 2630826, at *11 (citing *Coalition for Humane Immigrant Rights*, 2025 WL 2192986, at *30).

For these reasons, the Court rejects Respondents' contention that it addressed the incorrect statutory provision when analyzing Petitioner's request for a bond hearing. Petitioner is not subject to the mandatory detention provisions under § 1225(b)(1). The Court continues to conclude that Petitioner's detention without a bond hearing is unlawful.

## The Deadline for Petitioner's Hearing

This takes the Court to Respondents' contention that it set an unachievable deadline for Petitioner's bond hearing given the "overwhelming caseload" of the immigration courts. (ECF No. 10 at PageID.196.) That argument is now moot, as the Court stayed the initial deadline pending a decision on the motion for reconsideration. Nevertheless, the Court is setting a rather short deadline for Petitioner's bond hearing, as he has now been detained for almost five months unlawfully. The Court is confident that Respondents can act with diligence and speed to reasonably comply with its new deadline.

9

## Conclusion

In summary, Respondents fail to demonstrate any mistake in the Court's December 18, 2025 Opinion and Order, the correction of which changes the outcome of that decision.

Accordingly,

**IT IS ORDERED** that Respondents' motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that the stay is **LIFTED** and Petitioner shall be afforded a bond hearing under § 1226(a) before an immigration judge **on or before 5:00 p.m. on January 5, 2026** or be released.

**IT IS FURTHER ORDERED** that, within ten (10) days of this Opinion and Order, Respondents shall file a status report certifying their compliance with this Opinion and Order and detailing the results of the bond hearing.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 29, 2025